## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**KEITH KRESZOWSKI,**  CASE NO. 3:25 CV 2083

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**ALPONT, LLC, et al.**

    Defendants.  **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Keith Kreszowski originally filed this employment discrimination suit in state court on August 28, 2025. (Doc. 1-1, at 5-17). Defendants Alpont, LLC and Jason Adams removed it to this Court on September 30, 2025, citing federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1). Plaintiff then filed the currently-pending Motion to Remand (Doc. 3); Defendant opposed (Doc. 4) and Plaintiff replied. For the reasons set forth below, the Motion is granted and this matter is remanded to the Lucas County Court of Common Pleas.

### BACKGROUND

As is relevant here, the Complaint asserts Plaintiff worked for Defendant Alpont from February 2022 through March 2025. (Doc. 1-1, at 6-8). In the broadest terms, Plaintiff alleges he had previously expressed concern about an alleged lack of safety measures in Defendant's facility, and ultimately suffered a workplace injury on March 13, 2025. *See id.* Following the workplace injury, Plaintiff filed an Occupational Safety and Health Administration ("OSHA") complaint (of which Defendants were aware), sought medical treatment, and spoke with multiple

of Defendant Alpont's employees about his ongoing safety concerns. *Id.* at 8-9. Plaintiff states he was terminated one week after the injury on March 20, 2025. *Id.* at 10.

As specifically relevant to the pending Motion to Remand, the Complaint states, in its section entitled "Parties and Venue", *inter alia*:

> 8. Within the appropriate periods of time, Kreszowski filed administrative charges with the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA") and Ohio Civil Rights Commission regarding his claims herein.
>
> 9. Kreszowski has exhausted his administrative remedies under Ohio and federal law.

*Id.* at 6. Factually, Plaintiff asserts (again, among other things):

> 38. That same night [of the injury], March 13, 2025, Kreszowski filed a formal OSHA complaint regarding the rupture event.
>
> 39. Defendants became aware of Kreszowski's OSHA complaint, on March 14, 2025[.]
>
> 40. On March 14, 2025, Jason Adams sent an email to several employees (including Alpont's executive and management) informing them of the OSHA complaint, which Kreszowski verified was filed by him in another email on the same day.
>
> 41. Lou Razzano, Alpont's Executive Vice President and Chief Operating Officer, was a recipient of these emails, confirming his knowledge of Kreszowski's OSHA complaint.

*Id.* at 8.

Following its factual allegations, the Complaint expressly asserts four causes of action:

Count I: Wrongful Termination in Violation of Public Policy

Count II: Worker's Compensation Retaliation in Violation of R.C. § 4123.90

Count III: Age Discrimination in Violation of R.C. § 4112.01 *et seq.*

Count IV: Unlawful Aiding, Abetting, and Inciting of Discrimination [citing R.C. § 4112.02(J)]

2

*See id.* at 11-16.

## STANDARD OF REVIEW

A defendant may remove any civil action in state court "of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). After removal, a plaintiff may bring a motion to remand to state court under 28 U.S.C. § 1447(c). The removing party bears the burden of showing that federal jurisdiction exists. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000). The Court must grant the motion to remand if it finds it lacks jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because removal jurisdiction raises significant federalism concerns, the Court must resolve all doubts as to the propriety of removal in favor of remand. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002) (removal statutes are to be narrowly construed as they were "adopted in order to restrict rather than expand the scope of removal from the state courts") (internal quotations omitted) (quoting *Andrews v. Elec. Motor Sys., Inc.*, 767 F. Supp. 853, 855 (S.D. Ohio 1991)).

28 U.S.C. § 1331 vests in federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

## DISCUSSION

There is no dispute that Count II (regarding worker's compensation) must be remanded. *See* Doc. 4, at 7-8. And there does not appear to be any dispute that Counts III (age

3

discrimination) and IV (aiding and abetting discrimination) are asserted as solely state law claims. Finally, Defendants "do not dispute that the public policy claim is rooted in state law, even where the 'clear policy' stems from federal laws and regulations." (Doc. 4, at 5); *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 ("[A] state-law employment action for wrongful termination in violation of federal public policy does not present a substantial federal question over which federal courts may exercise 'arising under' jurisdiction under 28 U.S.C. § 1331.").

Instead, Defendants argue Plaintiff's Complaint asserts an implied federal cause of action based on the Complaint's statements regarding exhaustion, along with Plaintiff's factual averments regarding the filing of an OSHA complaint. *See* Doc. 1-1, at 6, 8. "Exhaustion of OHSA administrative remedies[,]" the argument goes, "only gives rise to federal causes of actions." (Doc. 4, at 1). That is, Defendants contend, alleging exhaustion occurred must mean a federal cause action is contained in the Complaint. *Id.* at 5 ("[R]emoval is appropriate because federal courts have jurisdiction over review of federal agency final decisions."); *id.* at 7 ("Plaintiff alleges exhaustion of administrative remedies. Review of those federal administrative determinations invokes federal jurisdiction. While Defendant can only guess [pursuant to] *which* whistleblower statute Plaintiff attempts to bring claims – judicial review of the OSHA determination always resides with federal courts.") (citations omitted). However, despite the lengths to which Defendants go to construct a federal claim out of these allegations, the Court sees no such claim in Plaintiff's well-pleaded Complaint. Indeed, although Defendants contend that "Plaintiff seeks judicial review of his OSHA complaint[,]" *id.* at 5, Plaintiff's Complaint does not suggest he is bringing such a claim. Instead, the Complaint clearly alleges a state law wrongful discharge in violation of public policy claim (Count I), a state law workers

compensation retaliation claim (Count II), a state law age discrimination claim (Count III), and a state law aiding and abetting discrimination claim (Count IV). (Doc. 1-1, at 11-16). The Court finds Plaintiff's errant and ambiguous reference to exhaustion of federal administrative remedies does not suffice to establish federal question jurisdiction under 28 U.S.C. § 1331 when taken in context of the remainder of the Complaint. That Plaintiff *could* have pled a federal claim is not the same as having done so. This state court matter belongs in state court.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Remand (Doc. 3) be, and the same hereby is, GRANTED, and this matter is REMANDED to the Lucas County Court of Common Pleas.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2025